UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-126-KKC

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,                              PLAINTIFFS,

Vs.                               **OPINION AND ORDER**

ABUNDANCE COAL, INC. and
CONSOL OF KENTUCKY, INC.,                                             DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (Rec. No. 18)[1] filed by the Defendant Consol of Kentucky, Inc. In its motion, Consol argues that the Plaintiffs, Certain Underwriters at Lloyd's, London, have failed to establish subject matter jurisdiction in this action under 28 U.S.C. § 1332. Specifically, Consol argues that the Plaintiffs have failed to demonstrate the required diversity of citizenship or the requisite amount in controversy. In the alternative, Consol argues that this Court should decline to exercise jurisdiction over this declaratory action because its resolution depends upon facts that will be developed in a related state action.

**I.     FACTS.**

The Plaintiffs' Complaint alleges that they are underwriters at Lloyd's, London and that they issued an insurance policy to the Defendant, Abundance Coal, Inc. They further alleges that none of them is a U.S. citizen. There is no dispute that Defendant Abundance is a Kentucky citizen and

---

[1] Consol's first Motion to Dismiss (Rec. No. 10) moved to dismiss the original Complaint in this action. After it was filed, the Plaintiffs filed an Amended Complaint (Rec. No. 15). Consol followed with a second Motion to Dismiss (Rec. No. 18) which targeted the Amended Complaint, and incorporated all of the arguments made in its initial Motion to Dismiss.  Accordingly, Consol's first Motion to Dismiss (Rec. No. 10) will be denied as moot. For simplicity, in this Opinion, the Court will refer to the Amended Complaint as "the Complaint."

that Defendant Consol is a Pennsylvania citizen for purposes of this Court's diversity jurisdiction.

The Complaint in this action alleges that, on or about May 31, 2007, multiple tenants and property owners of realty surrounding the Defendants' coal-mining facility filed an action in Knott Circuit Court (the "State Action") against the Defendants Abundance and Consol, alleging that the Defendants damaged their property by dust, dirt, debris, and other particulate matter that escaped from the Defendants' facility.

The Complaint in this action further alleges that the insurance policy issued by the Plaintiffs to Defendant Abundance obligated the Plaintiffs to defend Abundance in actions seeking certain property damages and to also pay any such damages that may be awarded. The Plaintiffs seek a declaration from this Court, however, that they are not obligated to defend Abundance or Consol in the State Action or to pay any damages those Defendants may be ordered to pay in that action because the insurance policy excludes property damages caused by pollutants. The Plaintiffs further seek a declaration that Consol is not an insured and that they are not obligated to pay any punitive damages that either Consol or Abundance may be ordered to pay because the insurance policy excludes punitive damages.

Consol moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this Court does not have subject matter jurisdiction. In their Complaint, the Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) which provides federal courts with jurisdiction where the matter in controversy exceeds $75,000 and is between citizens of different states.

Consol asserts that the Plaintiffs have failed to allege the required diversity of citizenship or the requisite amount in controversy. Consol also argues that this Court should decline to hear this

case because its resolution will depend upon facts that will be developed in the State Action.

Because, as will be explained below, the Court declines to exercise its discretionary jurisdiction over this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.*, it will not address Consol's argument that the Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## II. DECLARATORY JUDGMENT ACT.

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is well-settled that district courts have discretion "in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir.1996).

The Sixth Circuit has identified the following factors that a district court should consider in determining whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act:

(1) whether the declaratory action would settle the controversy;

(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Aetna*, 74 F.3d at 687 (citation and internal quotations omitted).

When analyzing the fourth factor, courts further consider three subfactors:

1) whether the underlying factual issues are important to an informed resolution of the case;

2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

After considering all of these factors, for the following reasons, the Court declines to exercise jurisdiction over this action. The court finds no evidence that this action was filed for "procedural fencing" or for res judicata purposes. Further it may well settle the controversy before this Court and clarify the legal relations at issue in this federal action. However, it could do so only after the development of facts that are currently being developed in the State Action.

One of the issues in this declaratory action is whether the State Action plaintiffs were harmed by "pollutants," as that term is defined in the insurance policy at issue. In order to make that determination, this Court would necessarily have to determine the manner in which the State Action plaintiffs were harmed.

This Court cannot make that determination based upon the record before it. The Court cannot make the required factual findings based solely on the allegations in the State Action complaint. It does not appear that the parties have stipulated to any facts or liability in the State Action. Nor have they done so in this action. Thus, the facts regarding how the State Action plaintiffs were damaged would have to be further developed in this action. Those same facts will also be fully

developed in the State Action and, perhaps, have already been.

In support of their argument that this Court should exercise jurisdiction over this action, the Plaintiffs cite *United States Fidelity and Guaranty Co. v. Star Fire Coals, Inc.*, 856 F.2d 31 (6th Cir. 1988). However, in that case, whether the district court properly exercised jurisdiction over the action was not addressed. The "single issue" raised was the proper interpretation of the pollution exclusion clause. *Id*. at 32.

Further, that case illustrates the kinds of factual issues involved in whether a pollution exclusion contained in an insurance policy applies in a particular case. The district court's decision was made on summary judgment. *Id*. The Sixth Circuit opinion describes the manner in which the property owners were damaged and the actions by the coal company, citing to evidence that had been presented to the district court, including testimony and citations issued to the coal company. *Id*. at 32.

Evidence of this sort will also be presented in the State Action. Accordingly, this declaratory action would require the court to inquire into matters already "being developed through state court discovery." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008). Such simultaneous inquires present the risk of inconsistent factual findings and increase the friction between state and federal courts. In such cases, exercise of federal jurisdiction is inappropriate. *Id*. at 560.

There are no issues of federal statutory or common law in this action. The sole basis for federal jurisdiction is diversity jurisdiction and this matter presents only state law issues. As the Sixth Circuit stated in *American Home Assurance Co. v. Evans*, 791 F.2d 61 (6th Cir. 1986):

> We question the need for federal courts to issue declaratory judgments in [diversity] cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal

>courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

*Id*. at 63. *See also Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807 ("We have repeatedly held in insurance coverage diversity cases that declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." )(internal quotations and citation omitted).

There is no per se rule against a district court exercising jurisdiction over a declaratory judgment action to determine an insurer's liability when a state action is pending against its insured in state court. *Roumph*, 211 F.3d at 967. Nevertheless, the Sixth Circuit has also recognized that such an action "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem." *Bituminous*, 373 F.3d at 812 (6th Cir. 2004)(citation and internal quotations omitted).

Thus, the Plaintiffs in this action have an alternative and better remedy of requesting the same declaratory relief they seek here "in a separate action to the same court that will decide the underlying tort action." *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F.Supp.2d 689, 693 (E.D. Ky. 2002)(citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995)). "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Mercier*, 913 F.2d at 279.

Accordingly, after carefully considering all of the relevant factors, the Court declines to exercise jurisdiction over the Plaintiffs' declaratory action.

**III. CONCLUSION.**

For all these reasons, the Court hereby ORDERS as follows:

1) Consol's first Motion to Dismiss (Rec. No. 10) is DENIED as moot;

2) Consol's second Motion to Dismiss (Rec. No. 18) is GRANTED and this matter is DISMISSED without prejudice; and

3) this matter is STRICKEN from the active docket of the Court.

Dated this 6th day of March, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge